Ingraham, P. J.
The affidavit in this case on which proceedings were commenced to examine a person having property in his possession belonging to the debtor, merely stated that the witness had property of the judgment debtor in his possession. A motion is now made to dismiss the proceeding, on the ground that the affidavit did not state that the property was worth ten dollars.
The 294th section of the Code says that the proceeding may *156 be taken “ on an affidavit that any person has property of the judgment debtor, or is indebted to him in an amount exceeding ten dollars.”
The grammatical reading of this sentence undoubtedly is to separate the two branches of the sentence, so as to make it read, 1st, where the person has property of the judgment debtor; and 2d, where the person is indebted in an amount exceeding ten dollars; and such appears to me, to be the proper construction of the section. I have not been able to find any decision on this question, and I have acted on the supposition that the limitation applied to both portions of the sentence; but my attention has not before been called to this particular objection. In- section 297 no limit is placed on the order directing the application of the property to the satisfaction of the judgment. There ' may be reason for not requiring small debts under ten dollars to be made liable to such a proceeding; while property of any value, in the possession of a third person, may be thus made liable. The property could be levied on under an execution, while the debt could not- be, and the expense of collecting such small debts would be almost as much as the debt itself.
It is difficult to say what the intent of the Legislature was in this matter, without any thing in the context to throw any light upon it, and I think it better, therefore, to adhere to the ordinary construction of the language, so as to apply the.limitation of ten dollars to the indebtedness only, and not to the value of the property which a third person may have in possession. Under these views the affidavit is sufficient, and the witness must submit to examination.